

James P. Trainor, Esq., Member
Ryan P. Pezzulo, Esq., Member
Diana C. DeSanto, Esq., Member
Kate L. Ernst, Esq., Associate
Carly L. Hidalgo, Law Clerk
Elizabeth A. Marcuccio, Esq., CPA, Of Counsel

**Trainor, Pezzulo & DeSanto**
PLLC
*Trusted. Professional. Driven*

Shari A. Keegan, Paralegal
Stephanie L. Burchell, Paralegal
Danielle L. Darling, Office Administrator

Ph: 518-899-9200
Fax: 518-899-9300
www.tpdlawfirm.com

2452 US Route 9, Suite 203
Malta, New York 12020

November 14, 2025

VIA ELECTRONIC FILING    **MEMO ENDORSED**

Hon. Victoria Reznik
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 10601

                    Re:    Hoffman v. Town of Goshen et. al., No. 7:23-cv-09492-CS

Dear Judge Reznik:

In accordance with the conference held on November 5, 2025, and Docket Entry 71 made by the Court on the same date, the undersigned counsel respectfully moves pursuant to Federal Rule of Civil Procedure 30(d)(1) for an Order granting leave to continue the deposition of Plaintiff, Corbett W. Hoffman.

The initial session of Ms. Hoffman's deposition was conducted on Thursday, October 16, 2025, beginning at approximately 10:05 a.m. and concluding at approximately 5:05 p.m. Despite diligent efforts by all parties, the examination could not be completed within the presumptive seven-hour limit. The deposition involved extensive questioning concerning Ms. Hoffman's background, central role in the underlying events, as well as several exhibits requiring review. Additionally, multiple breaks were taken throughout the day on consent of the parties. As per the transcript, Ms. Hoffman's total time spent giving testimony was five hours and fifty-five minutes. Accordingly, sixty-five minutes of productive deposition time remains available under the rule.

Given Ms. Hoffman's critical involvement in the events forming the basis of this litigation, additional examination is required to address several outstanding areas of testimony, including: questioning regarding the Plaintiff's handwritten notes that were presumably made contemporaneously to the events at issue; further inquiry into incomplete video evidence disclosed by Plaintiffs; and, follow-up questioning regarding the conduct of Defendant Hughes and Officers Boyd and Markiewicz while they were present outside of the Plaintiffs' home.

The requested continuation is necessary to ensure a complete and fair record for all parties, and the undersigned will endeavor to conduct the remaining examination efficiently and within the bounds of Rule 30(d)(1).

We appreciate the Court's time and consideration of this request.

Very truly yours,

TRAINOR, PEZZULO & DESANTO PLLC

By: _____

Ryan P. Pezzulo, Esq.

cc: Counsel of Record

RPP/kle

On November 14, 2025, the Court directed Plaintiffs to respond to this letter by November 19, 2025. (ECF No. 74). The time has passed, and Plaintiffs have not done so. At the status conference on November 5, 2025, counsel for both parties disputed whether the time for the deposition previously taken of Plaintiff Ms. Hoffman had exceeded the seven-hour limit under FRCP 30(d)(1). Plaintiffs' counsel then stated that although he objected to her continued deposition beyond seven hours, he did not object to her continued deposition for whatever time remained available under seven hours. Defendants' counsel now represents that the deposition time for Plaintiff Ms. Hoffman did not exceed seven hours and that sixty-five minutes remains available.

In light of the lack of objection from Plaintiffs' counsel and the remaining deposition time available, the Court **GRANTS** Defendants leave to continue the deposition of Plaintiff Ms. Hoffman for sixty-five minutes (on the record). The parties are directed to meet and confer to schedule and complete this deposition ahead of the fact deposition deadline of **December 31, 2025**.

The Clerk of Court is kindly requested to close out the gavel on ECF No. 73.

SO ORDERED.

_____

Hon. Victoria Reznik, U.S.M.J.

Dated: 11/20/2025